A presentment made in the ordinary way by a grand jury is regarded, in the practice at common law, as nothing more than instructions given by the grand jury to the proper officer of the Court for framing an indictment for an offence which they find to have been committed. 4 Bl. Comm. 301; 1 Chitt. Or. L. 162. When the indictment has been prepared by him, it is submitted to them; and upon their finding it a true bill, the prosecution commences upon that indictment. The presentment merged in the indictment ceases and becomes extinct. If, however, the officer of the Court, who is the representative of the Crown, and whose concurrence and co-operation in the prosecution are always required, declines framing an indictment upon these instructions, the presentment ceases to exist for any purpose.
In the practice of "Virginia the presentment has been allowed an efficacy, not known at common law in England. It has been allowed, for many purposes, to stand in the place of an indictment; or to stand as the foundation for further proceedings against the party presented. *Page 636 
In the revisal of 1748, p. 188, the Legislature recognized this practice of making the presentment stand in the place of an indictment, in regard to presentments for penalties not exceeding £ 5.; and directed that such presentment need not be drawn up in other form than as the same stands presented, and thereupon the Court shall order a summons forthwith to issue, to answer the presentment at the next Court. 1 Rev. Code, 614; 12 Hen. Stat. 344. Again in 1788, in the act establishing District courts, it was declared by the Legislature, that upon presentment made by the grand jury of an offence not capital, the Court shall order the clerk to issue a summons, or other proper process, against the person presented, to appear and answer the presentment at the next Court. 12 Hen. Stat. 758; 1 Rev. Code 612. So in the gaming act, 1 Rev. Code, ch. 147, § 21, which was passed in 1802.
The presentment, moreover, seems, in Virginia, from a very distant period, to have been made the foundation for a summons to shew cause why an information for the offence presented, should not be filed against the accused. No authority has been found in the English books that warrants such an use of the presentment. From what has before been stated as to the nature of a presentment in the English practice, no such use, it is supposed, could be made of it. Such a practice as an existing one in Virginia, seems to be clearly recognized in 1786, in the act directing the method of criminal proceedings against free persons, (12 Hen. Stat. 344; 1 Rev. Code, 614,) where, in regard to presentments for small penalties, it is directed that "no information shall thereupon be filed," but a summons to answer the presentment. So in the 21st section of ch. 147, 1 Rev. Code, in gaming cases, the Legislature recognizes proceedings upon presentments by rule to shew cause why an information should not be filed. With these peculiarities as to the nature of presentments in *Page 637 
the Virginia practice, established by judicial and legislative authority, Mr. Robinson has laid it down, that, generally speaking, when a presentment is made, the order of the Court is, that the party be summoned to appear at the next Court to shew cause why an information should not be filed against him. But in some cases, the proceedings are of a more summary character." 3 Rob. Pr. 108.
These purposes of presentments and these proceedings upon them in our practice were, doubtless, within the view of the revisors of our new Code, when that general provision was made that prosecutions for offences against the Commonwealth, unless otherwise provided, shall be by indictment, presentment or information. 1847-8, ch. 20, § 1. It seems clear that the presentment has in Virginia the character, in itself, of a criminal proceeding, until it is embodied and merged in an indictment for the same offence, or in an information filed upon it; and may stand in the place of an indictment, on which the prosecution for a misdemeanor may proceed, without indictment or information, as was decided inTowles' Case, 5 Leigh 743. Whether the process upon the presentment be a summons to answer or be a rule and summons to shew cause why an information should not be filed upon it, the presentment must be regarded as the primal accusation of the defendant, as the commencement and institution of the prosecution. The proceedings, by way of information, must equally rest upon it, as the proceedings in the other case; for the rule for the information has nothing else to rest upon but the presentment. Immediately upon the presentment, the prosecutor may take, by leave of the Court, the summons or capias to answer, or take the rule for a summons to shew cause, and although such proceedings, the summons, or the rule, should be delayed or neglected, the prosecution instituted by the presentment is not *Page 638 
discontinued. For it is enacted that no discontinuance shall take place in any criminal prosecution, by reason of the failure of the Court to award process, or to enter a continuance on the record. Sess. Acts 1847-8, p. 147. If the presentment is not discontinued, but is still pending, notwithstanding such delay or neglect, from whatever cause it may have proceeded, why shall not the presentment, whenever proceedings are to be taken upon it, be regarded in the same plight as it stood in at the regular term at which the proceedings should have been taken? If the period of the act of limitations had become complete in the interval between making the presentment and the motion at a subsequent term for process to answer the presentment, would the running of the act of limitations, in such case preclude, by its bar, the process that was moved for? Would it not be a sufficient answer to such a defence, that there was a prosecution commenced by the presentment, before there was any time that could raise the bar; that that prosecution had ever since the presentment made, been pending; and that therefore the limitation could have no application to the case? Regarding the rule for information as only a varied mode of proceeding upon the same presentment, why should not the same principles apply to exclude such bar? When the motion is made for the rule, it seems not at all more unreasonable to carry the time back to the date of the pending presentment, than it would be in case the motion were for a summons to answer the presentment; which in both cases is equally the institution of the prosecution.
If such would have been the case, had there been no process to answer the presentment, or other proceedings upon it intervening between the presentment and the subsequent term at which the motion might be made, the prosecutor should not be any more precluded in this case from having a summons to shew cause, by the proceedings *Page 639 
which did here intervene. The presentment had sufficiently, though not technically, described the body of the offence — the "unlawfully assaulting and beating of Samuel Griffin on the 9th September 1848, in the city of Williamsburg, and within the jurisdiction of the Court" No objection is seen in the completeness and sufficiency of this presentment, as a foundation for a rule for an information according to the Virginia practice, though it did omit the conclusion required by the constitution in indictments — "against the peace and dignity of the Commonwealth." If for that or any other technical defect or informality in the presentment, regarding it as an indictment, the Commonwealth's attorney should apprehend that the prosecution might not, perhaps, be sustainable, and the real justice of the case be sacrificed, why should he be precluded by the erroneous or doubtful step which he had at first elected to take, from resorting to another course of proceeding, which was originally open to him, whereby the real justice of the prosecution would be attainable? It is not shewn that the change of the mode of proceeding could cause any surprise, or any wrong to the defendant. Every matter of fair defence and exculpation, was still fully open to him under this new phase of the prosecution. Why should not the Court allow, for the purpose of attaining substantial justice, the correction of pending proceedings in this case, that is allowable in other cases? No reason, therefore, can be perceived, why the Commonwealth's attorney, waiving the proceedings upon the summons to answer, should not be permitted to resort to the alternative which he might have originally elected, a summons upon the presentment to shew cause why an information should not be filed. Moreover, the defendant, at his own instance, was indulged with leave to retract his plea, and the issue which was joined upon it. In doing so he deprived the prosecutor of the benefits which might have resulted, in curing *Page 640 
the defects and informalities of the presentment, by reason of that mode of defence, and the trial and verdict which might have been obtained. The defence, instead of being thus placed upon the merits, and upon the substantial justice of the case, attempts to place itself upon mere technical exceptions, and thereby to defeat justice. Why should not the prosecutor be allowed upon his part to vary his proceedings to meet this new exigency which the defendant has produced, by reason of an indulgence which he had asked for? After the defendant was allowed to retract his plea, the obvious justice of the case required that the prosecutor should be restored to the same situation, as if there had been no appearance and plea put in by the defendant. Nor is there any strict rule of practice which should be allowed to defeat that justice. If in motions for leave to file an information, there is any likelihood of injustice or even anything inequitable being inflicted upon the defendant, the Court, in the exercise of its discretion, will always refuse the leave. But none such appears in this case.
Chichester's Case, 1 Va. Cas. 312, is essentially different from the present case. The prosecution was there instituted by indictment, and was proceeded upon in the only way marked out in cases of indictments. The prosecution rested upon the indictment alone; and if not sustainable upon the indictment, it could not be sustained at all; and the defendant when discharged from the indictment must, of course would, be discharged from the prosecution. The indictment was for its defectiveness quashed, and thereby that prosecution terminated. It is a well settled principle, that the Court will not in any case grant an information, where the prosecutor has already preferred an indictment, and the grand jury found a true bill, although it was quashed for insufficiency, (Anon. 8 Mod. 187.) Here the prosecution was by presentment, which was not as was the *Page 641 
indictment, the act of the prosecutor, at least in part but it was the act of the grand jury. The presentment had not been quashed. It was still a pending prosecution, from which the defendant never had been discharged.
As has before been stated, the Court regards the presentment, not the time of filing the information upon it, as the date of the prosecution: and looking to that date, there is no room for the application of the statute of limitations. Acts 1847-8, ch. 20, §, 14. And that being inapplicable to the case, no other serious objection can be urged against the information.
The petition of the defendant for a reconsideration of the judgment hertofore entered in this case is overruled.
Petition for a rehearing rejected.